FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
APR 15 2011
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDALL WISSING, et al. | ) Case No. 8:11-CV-15 |
| Plaintiffs, | ) |
| vs. | ) CONSENT PROTECTIVE ORDER |
| LOUISVILLE LADDER INC., | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

By consent of the parties to this action and pursuant to the Federal Rules of Civil Procedure, the Court makes the following Protective Order which shall be permanently binding and enforceable against the parties, their officers, agents, servants, employees, attorneys, and all legal or equitable successors, and all other persons in active consort or participating with any of them who received actual notice hereof.

1. APPLICABILITY. This Order shall apply to any documents or other tangible thing, interrogatory answer, admission, testimony or other subject matter having any informational content whatsoever, or content from which information can be derived, which is produced by the parties for examination by another or for placement in the record, which defendants or plaintiff designate as "CONFIDENTIAL." All confidential documents or testimony shall bear the stamp "CONFIDENTIAL" upon the face of each page of content. If, however, such document or testimony is a collective or composite document, the "CONFIDENTIAL" stamp need only appear on the first page, and all succeeding pages shall be treated as if stamped.

1

2. COURT SUPERVISION. Any party challenging the designation of particular subject matter as confidential may seek conciliation of such challenge and, failing conciliation, a move for disclosure of the disputed subject matter. However, until such time as a challenge is conciliated or determined by the Court, all subject matter designated "CONFIDENTIAL" by the parties shall be protected under this Order.

3. PROTECTION.

1) No subject matter designated or held "CONFIDENTIAL" in accordance with this Order may be disclosed, discussed or in any way communicated to any person other than:

a) The attorneys of record in this action, including paralegals and immediate secretarial and clerical staffs who may be assisting said attorneys in the preparation of this case.

b) Any one or more of the parties to this action when it is necessary for a person designated in subparagraph (a) above to confer for the purpose of preparing this action for litigation.

c) Such persons or entities designated as consulting or testifying expert witnesses in this case, provided that such persons shall prior to disclosure, execute and affirm before a Notary Public a written statement under the caption of this cause and containing the following language:

> I hereby acknowledge that information designated as "CONFIDENTIAL" is being disclosed to me only upon the condition that I agree to be subject to the Protective Order entered in the above-captioned civil action. I have read and understand such Protective Order and I hereby agree to abide by and be bound by such Order under all penalties prescribed therein, including contempt of Court.

The above statement shall be kept by counsel who designated such consulting or testifying expert witnesses.

No subject matter designated or held "CONFIDENTIAL" shall be used, conveyed or transmitted in any manner by any person or entity for any purpose whatsoever other than for the preparation and trial of this action. The execution of this Protective Order shall not affect the admissibility or non-admissibility of any materials in any proceeding.

All subject matter designated or held "CONFIDENTIAL" under this Order, all copies thereof, and all memoranda or other media disclosing the contents thereof shall remain, except as specified below, in the custody of persons subject to this Order.

All transcripts of depositions, exhibits, answers to interrogatories, affidavits, stipulations, briefs, memoranda of law, and other documents or materials which may be filed with the Court pursuant to the pre-trial discovery of any party, or at the hearing, or on the appeal of this cause, comprising, containing, or otherwise disclosing subject matter designated or held "CONFIDENTIAL" under this Order shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the style of this action, the words "CONFIDENTIAL INFORMATION," a description of the nature of the contents and a statement substantially in the following form:

> This envelope contains confidential and privileged material subject to protection under a standing Order of Court, and is not to be opened or its contents disclosed or revealed except by Order of the Court.

Upon final termination of this action, the parties and all other persons having possession, custody or control of subject matter governed by this Order shall either assemble and return all such subject matter to the producing party, including all copies or duplicates thereof which may

ever have been made, or provide a certification to attorneys for the producing party that such subject matter has been destroyed.

Every person or entity bound by this Order shall exercise special care to ensure that any partner, employee, servant, agent or attorney for the person so bound who obtains confidential subject matter, and who thereafter leaves the partnership, employment or agency of the principal so bound, shall restore all confidential subject matter to such principal and shall not disclose the same to any other person or entity.

4. NON-WAIVER. Nothing in this order shall be construed as a waiver of any party's right to object to any discovery, testimony or other proceeding on any ground, or to seek access by means of formal discovery or other court process in other litigation to material produced subject to this protective order, except as otherwise limited in the following sentence. Before seeking access in other litigation to material subject to this protective order, a party shall give notice and an opportunity to be heard to defendants in order that a determination can be made whether the process or act of seeking access would itself undermine or circumvent this protective order. The fact that subject matter designated or held "CONFIDENTIAL" under this order may be the subject of testimony or other evidence shall not in any way vitiate this order.

5. ENFORCEMENT. A violation of this order may be redressed by any appropriate process on motion of any party or other person or entity aggrieved by such violation.

Entered this 15th day of April, 2011.

BY THE COURT:

s/F.A. Gossett, III
United States Magistrate Judge

Respectfully Submitted By:

By: _____
   William A. Lynch, MO#25006, *Pro Hac Vice*
   Bruce A. Moothart, MO#45517, *Pro Hac Vice*
   HUSCH BLACKWELL LLP
   4801 Main Street, Suite 1000
   Kansas City, MO  64112
   Telephone:  (816) 983-8000
   Facsimile:  (816) 983-8080
   Email:  william.lynch@huschblackwell.com
   Email:  bruce.moothart@huschblackwell.com

AND

   Victoria Buter (Neb.# 23841)
   HUSCH BLACKWELL LLP
   1620 Dodge Street, Suite 2100
   Omaha, NE  68102
   Telephone:  (402) 964-5000
   Facsimile:  (402) 964-5050
   Email:  victoria.buter@huschblackwell.com
ATTORNEYS FOR DEFENDANT LOUISVILLE LADDER INC.

By: _____
John C. Fowles
THE FOWLES LAW OFFICE, P.,C., L.L.O.
251 Capitol Beach Boulevard, Suite 19
Lincoln, NE 68528
Telephone: (402) 488-0500
Facsimile: (402) 488-0043
E-mail: jcfowles@fowleslaw.com

By: _____
Mark Porto
SHAMBERG, WOLF, McDERMOTT & DEPUE
P. O. Box 460
Grand Island, NE 68801
E-mail: moportolaw@cccusa.net

ATTORNEYS FOR PLAINTIFF WISSING

By: _____
Jenny L. Panko, #21767
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508
402-475-1075

ATTORNEYS FOR PLAINTIFF WALGREEN CO.

8:11-cv-00015-FG3   Doc # 29   Filed: 04/15/11   Page 7 of 7 - Page ID # 99